BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**CARLA GOWEN MCCLURG, OSB #165144**
Assistant United States Attorney
carla.mcclurg@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
    Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.: 1:20-cv-964 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Demand for Jury Trial)** |
| **J-SPEAR RANCH COMPANY**, an Oregon Corporation, | |
| Defendant. | |

The United States of America ("United States") brings this action against defendant J-Spear Ranch Company ("J-Spear") for the recovery of fire suppression costs and resource damages and pleads:

## INTRODUCTION

1. This action arises from the Watson Creek Fire, which ignited on August 15, 2018 in the Fremont-Winema National Forest in southern Oregon. The Watson Creek Fire burned

approximately 59,061 acres of public and private land.  The Watson Creek Fire caused the United States to incur substantial fire suppression costs and resource damages.  The United States is bringing this suit to recover the amounts owed by J-Spear for the Watson Creek Fire.

## PARTIES

2. The plaintiff in this action is the United States, a sovereign acting by and through the United States Department of Agriculture, Forest Service ("Forest Service"). The United States owns various parcels of land in the State of Oregon, including lands in Lake County, Oregon within the Fremont-Winema National Forest, which are administered by the Forest Service.

3. The defendant in this action, J-Spear, is a corporation organized and existing under the laws of the State of Oregon.  J-Spear owns land in southern Oregon and operates a ranch.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

### *The Grazing Permit*

5. On April 26, 2016, the Forest Service issued a Term Grazing Permit to J-Spear (the "Permit").  *See* **Exhibit 1** attached hereto.

6. The Permit authorized J-Spear to graze livestock and to construct and maintain range improvements on grazing allotments in the Fremont-Winema National Forest.  The grazing allotments included in the Permit were: Paradise Creek and Brattain Butte.

7. Page 4, paragraph 10 of the Permit provided:

> The permittee, or the permittees' agents and employees, when acting within the scope of their employment, and contractors and subcontractors will protect the land and property of the United States . . . . Protection will include taking all reasonable precautions to prevent, make diligent efforts to suppress, and report promptly all fires on or endangering such land and property. The permittee will pay the United States for any damage to its land or property, including range improvements, resulting from negligence or from violation of the provisions and requirements of this permit or any law or regulation applicable to the National Forest System.

8. Page 8 of the Permit also provided:

> The permittee or his representative is liable for and shall assume all risk, loss, or damage to his equipment or injury to himself or his employees and shall hold and save the Government harmless from liability of any nature from performance of his work.

9. At all times material to this action, the Permit was and is a valid contractual agreement between the United States (through the Forest Service) and J-Spear.

10. The Permit and its terms and conditions were and are authorized and required by law, including 36 Code of Federal Regulations ("C.F.R.") § 251.53.

### *The Watson Creek Fire*

11. The Watson Creek Fire ignited on August 15, 2018 on Nation Forest System lands. The Watson Creek Fire ignited within the Klamath-Lake Forest Protection District of the Fremont-Winema National Forest in Lake County, Oregon.

12. After learning of the Watson Creek Fire's ignition, the Forest Service suppressed the fire at great cost to the United States. The Forest Service suppressed the Watson Creek Fire in accordance with an agreement with the State of Oregon.

13. The Watson Creek Fire burned approximately 59,061 acres of land, including approximately 45,928 acres of land owned by the United States and administered by the Forest Service.

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 3**

14. The damages sought in this action include, but are not limited to: the costs of fire suppression; the costs and future costs of mitigation, rehabilitation, and restoration of the burned areas; Burned Area Emergency Rehabilitation ("BAER") costs; and loss of timber, habitat, watershed and earth protection, scenic and environmental values, and structures. The amount of damages exceed $14 million and will be proved at trial.

15. The Forest Service investigated the origin and cause of the Watson Creek Fire shortly after it ignited. The Watson Creek Fire started along fence #3039 of the Paradise Creek allotment for which J-Spear had maintenance responsibility.

16. The Watson Creek Fire was caused by a 2012 Honda Four Trax Rancher 4 x 4 All-Terrain Vehicle (the "ATV") owned by J-Spear and operated by J-Spear's employee while conducting maintenance on the Paradise Creek allotment. The ATV's exhaust generated so much heat that it caused built-up combustible fuels on the ATV's undercarriage and ground fuels to ignite.

### *J-Spear's Actions, Failures to Act, and Duties*

17. J-Spear had an affirmative duty to prevent wildfires during its activities on the United States' lands.

18. J-Spear had an affirmative duty pursuant to Oregon Revised Statute ("O.R.S.") § 477.066 to control and extinguish wildfires on forestland.

19. The user manual for the ATV instructs operators to inspect the ATV before riding it, including checking for and removing "any dirt, vegetation or other debris that could be a fire hazard or interfere with the proper operation of the vehicle."

20. At the time of the fire ignition, the J-Spear employee who operated the ATV was acting within the scope of his employment with J-Spear and was under the direction, supervision, and control of J-Spear.

21. J-Spear operated and maintained the ATV in a negligent manner. The ATV was not equipped with fire-suppression equipment. J-Spear did not properly inspect and/or clean the ATV to remove dried vegetation and debris.

22. J-Spear did not properly train its employees regarding fire prevention and suppression. J-Spear also did not provide its employees with fire suppression equipment to suppress fires while conducting activities on lands of the United States.

23. The Watson Creek Fire was an incident of a kind that ordinarily does not occur in the absence of someone's negligence. The Watson Creek Fire was caused by negligent activity within the control of J-Spear.

24. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c). Ignition of the Watson Creek Fire was not authorized by permit or by the United States.

25. Causing and failing to maintain control of an unprescribed fire that damages the National Forest System is also prohibited by law, including 36 C.F.R. § 261.5(e). J-Spear caused and failed to control the Watson Creek Fire, which damaged the National Forest System.

26. J-Spear operated the ATV during fire season in the Klamath-Lake Forest Protection District. Pursuant to O.R.S. § 477.645, during a fire season, every person operating an internal combustion engine inside or within one-eighth of one mile of a forest protection district shall equip and maintain the engine in conformity with rules promulgated by the State Forester. Escape of fire from any engine described in O.R.S. § 477.645 is prima facie evidence

that it has not been equipped and maintained adequately in compliance with rules promulgated under the statute.  Oregon Administrative Rule ("OAR") 629-043-0015(5) requires all exhaust systems, mufflers and screens to "be kept in good operating condition."

27.    On November 6, 2019, the Forest Service sent J-Spear a written demand for payment of the costs incurred by the United States in connection with the Watson Creek Fire.  As of the date of this complaint, J-Spear has not paid to the United States the costs set forth in the demand letter.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Count One: Common-Law Negligence)**

28.    The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

29.    J-Spear had a duty to use reasonable care to prevent and suppress wildfires on lands of the United States, including on the Paradise Creek allotment.

30.    The Watson Creek Fire started as a direct and proximate result of J-Spear's breach of duty and negligence.

31.    J-Spear's conduct created a foreseeable and unreasonable risk of fire damage to the United States' land.  Specifically, J-Spear failed to at least: maintain the ATV in a safe manner; take reasonable precautions to prevent and suppress fire; and exercise reasonable care in operating the ATV, including by failing to equip the ATV with fire-suppression equipment during peak wildfire season.

32. As the owner of the land on which the Paradise Creek allotment is located and the land surrounding it, the United States belongs to a class of persons who foreseeably might be injured by J-Spear's acts or omissions.

33. J-Spear's negligent acts and omissions caused the Watson Creek Fire.

34. Separately and independently, the United States is entitled to a presumption and inference of negligence under the doctrine of *res ipsa loquitur* because: (1) the Watson Creek Fire was an incident of the kind that does not ordinarily occur in the absence of someone's negligence; (2) J-Spear was engaged in maintenance activities in the Paradise Creek allotment on the day the Watson Creek Fire ignited, making it more probable than not that the negligence was that of J-Spear; and (3) the United States did not cause or contribute to the ignition of the Watson Creek Fire.

35. As a result of the Watson Creek Fire, the United States suffered damages in an amount to be proved at trial.

**(Count Two: Negligence *Per Se*)**

36. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

37. Pursuant to the doctrine of negligence *per se*, J-Spear owed a duty to comply with laws, rules, and regulations and is liable for violating the laws intended to prevent wildfires such as the Watson Creek Fire.

38. J-Spear violated the following federal and state statutes, rules, and regulations, which serve as the underlying violations for liability under the doctrine of negligence *per se*:

    a. O.R.S. §§ 477.066, 477.645;

    b. OAR 629-043-0015(5); and

    c.   36 C.F.R §§ 261.5(c), 261.5(e), and 261.9(a).

39. J-Spear violated these statutes, rules, and regulations by failing to at least: maintain the ATV in a safe manner; take reasonable precautions to prevent and suppress fire; and exercise reasonable care in operating the ATV, including by failing to equip the ATV with fire-suppression equipment during peak wildfire season.

40. These statutes, rules, and regulations were promulgated to prevent the ignition of wildfires like the Watson Creek Fire.

41. J-Spear's conduct created a foreseeable and unreasonable risk of fire damage to lands of the United States

42. J-Spear's violation of the above-referenced statutes, rules, and regulations caused the Watson Creek fire to ignite and was the factual cause of substantial harm to the United States.

43. The United States is one of the classes of persons or entities for whose protection the statutes, regulations, and rules were adopted.

44. As a result of J-Spear's negligence, the United States incurred damages in an amount to be proved at trial.

### Second Claim for Relief

### (Trespass by Fire)

45. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

46. The Watson Creek Fire damaged property owned by the United States.

47. J-Spear negligently caused the Watson Creek Fire to ignite and both threaten and spread to lands of the United States.

48. The United States did not give J-Spear permission to cause the Watson Creek Fire or to allow it to spread so as to endanger or enter upon the United States' property.

49. As a direct, proximate, and substantial cause of J-Spear's trespass by fire, the United States suffered damages in an amount to be proved at trial, including but not limited to fire suppression and property damages.

### Third Claim for Relief

### (Fire Damage Liability under O.R.S. §§ 477.085, 477.089)

50. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

51. J-Spear negligently caused the Watson Creek Fire to ignite and/or to prevent the spread within a forest protection district. The Forest Service, pursuant to its contract and/or agreement with the State of Oregon and/or the State Board of Forestry, suppressed the Watson Creek Fire at significant cost to the United States. In addition to suppression costs, the United States incurred additional damages as a result of the Watson Creek Fire, including resource damages caused by the burning of the United States' lands.

52. J-Spear has not paid to the United States the costs outlined in the demand letter dated November 6, 2019. J-Spear has not compensated the United States for its other damages incurred in connection with the Watson Creek Fire, including its resource damages.

53. J-Spear is liable to the United States for all costs incurred and damages suffered as a result of the Watson Creek Fire pursuant to ORS §§ 477.085, 477.089.

/ / /

/ / /

/ / /

### Fourth Claim for Relief

### (Common Law Nuisance)

54. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

55. The Watson Creek Fire was a public nuisance under common law because it: (a) threatened and damaged federal lands and resources; (b) interfered with the use and enjoyment of public lands; and (c) harmed the United States.

56. As a result of J-Spear's nuisance, the United States suffered damages in an amount to be proved at trial.

### Fifth Claim for Relief

### (Nuisance under O.R.S. § 477.064)

57. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

58. The Watson Creek Fire was a public nuisance pursuant to O.R.S. § 477.064.

59. The Watson Creek Fire burned uncontrolled and/or without proper action being taken to prevent its spread from in or around fence #3039 of the Paradise Creek Allotment through the United States' lands and onto private land.

60. As a result of J-Spear's nuisance, the United States suffered damages in an amount to be proved at trial.

### Sixth Claim for Relief

### (Breach of Contract)

61. The United States incorporates by reference all paragraphs of this complaint set out above as if fully set forth herein.

62. J-Spear conducted grazing operations on the United States' land pursuant to the Permit, which required J-Spear to protect the United States' land and property, including taking all reasonable precautions to prevent, make diligent efforts to suppress, and report promptly all fires on or endangering such land and property.

63. Pursuant to the Permit, J-Spear is required to pay the United States for any damage to its land or property resulting from negligence, violations of the Permit requirements, or violations of any law or regulation applicable to the National Forest System.

64. J-Spear breached the terms of the Permit when it acted negligently by failing to at least: maintain the ATV in a safe manner; take reasonable precautions to prevent and suppress fire; and exercise reasonable care in operating the ATV, including by failing to equip the ATV with fire-suppression equipment during peak wildfire season

65. By igniting National Forest System lands, J-Spear breached the terms of the Permit because it violated at least:

   a. 36 C.F.R. §§ 261.5(c) and (e), which prohibit "causing timber, trees, slash, brush or grass to burn except as authorized by permit" and "causing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System"; and

   b. 36 C.F.R. § 261.9(a), which prohibits "damaging any natural feature or other property of the United States."

66. The United States was in compliance with the terms of the Permit at all times relevant hereto.

67. As a result of J-Spear's breach of the terms of the Permit, the United States suffered damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States demands that judgment be entered in its favor and against J-Spear as follows:

a. For payment of suppression costs, resource damages, and BAER costs arising from the Watson Creek Fire, including, but not limited to, the costs of fire suppression; costs of rehabilitation and restoration of the burned areas; loss of timber; loss of habitat, and environmental values, and structures;

b. For the recovery of the United States' investigative, accounting, collection, and administrative costs arising from the Watson Creek Fire;

c. For interest and penalties pursuant to the Debt Collection Act, 31 U.S.C. § 3717;

d. For other applicable costs, fees, and interest; and

e. Such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

The United States demands a jury trial in this case.

DATED:  June 16, 2020          Respectfully submitted,

                               BILLY J. WILLIAMS
                               United States Attorney


                                 s/ Carla Gowen McClurg
                               **CARLA GOWEN MCCLURG, OSB #165144**
                               Assistant United States Attorney